J. Angus Edwards (USB #4563)
Jones Waldo Holbrook & McDonough PC
170 South Main Street, Suite 1500
Salt Lake City, UT  84101-1644
Telephone:  (801)  521-3200
aedwards@joneswaldo.com

Steven J. Nataupsky (Pending *Pro Hac Vice*)
steven.nataupsky@knobbe.com
Julianna M. Simon (Pending *Pro Hac Vice*)
julianna.simon@knobbe.com
KNOBBE MARTENS OLSON & BEAR LLP
2040 Main Street, 14th Floor
Irvine, California 92614
Telephone:  949-760-0404; Facsimile:  949-760-9502

Attorneys for Plaintiff
Carl's Jr. Restaurants LLC

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CARL'S JR. RESTAURANTS LLC,<br> a Delaware limited liability company,<br>Plaintiff,<br><br>v.<br><br>APOLLO L.C.,<br>an Utah limited liability company,<br><br>Defendant. | **COMPLAINT**<br>**(JURY DEMAND)**<br><br>Civil No. 2:16-cv-01164-PMW<br><br>Magistrate Judge Paul M. Warner |

Plaintiff Carl's Jr. Restaurants LLC ("Carl's Jr.") complains against Defendant Apollo

L.C. ("Apollo Burger") and alleges as follows:

## PARTIES

1.      Carl's Jr. is a limited liability company organized and existing under the laws of

the State of Delaware, having its principal place of business at 6303 Carpinteria Avenue, Suite

A, Carpinteria, California 93013.

2.     Upon information and belief, Defendant Apollo Burger is a limited liability company organized and existing under the laws of the State of Utah, having its principal place of business at 940 West 1700 South, Salt Lake City, Utah 84104.

## JURISDICTION AND VENUE

3.     This is an action for 1) trademark infringement and false designation of origin under 15 U.S.C. §§1114 and 1125(a), 2) Utah common law unfair competition, and 3) Utah statutory unfair competition.

4.     The Court has original subject matter jurisdiction over the claims that relate to trademark infringement and false designation of origin 15 U.S.C. §§ 1114 and 1125(a); and also pursuant to 28 U.S.C. §§1331 and 1338, as these claims arise under the laws of the United States. The Court has supplemental jurisdiction over the claims in this Complaint which arise under state statutory and common law pursuant to 28 U.S.C. §§ 1338(b) and 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

5.     This Court has personal jurisdiction over Defendant because the Defendant has its principal place of business and a continuous, systematic, and substantial presence within this Judicial District and within Utah. In addition, by committing acts of trademark infringement, false designation of origin and unfair competition in this Judicial District, including but not limited to using an infringing mark in connection with the sale and offering for sale of products to customers in this Judicial District, Defendant's acts form a substantial part of the events or omissions giving rise to Carl's Jr.'s claims.

6.      Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b) and (c) at least because Defendant resides in this Judicial District and a substantial portion of the events complained of herein took place in this Judicial District.

## GENERAL ALLEGATIONS

**A.      Carl's Jr.'s Trademarks**

7.      Carl's Jr., directly and through its franchisees, provides restaurant services and develops, markets, sells and distributes sandwiches, hamburgers and other food items.

8.      In 1982, long before Defendant's acts described herein, Carl's Jr. began using its WESTERN BACON CHEESEBURGER® and DOUBLE WESTERN BACON CHEESEBURGER® marks in connection with restaurant services and food items, including, but not limited, to hamburgers and specially prepared sandwiches. In 2003, Carl's Jr. began using its THE WESTERN BACON SIX DOLLAR BURGER® mark in connection with specially prepared sandwiches, hamburgers and cheeseburgers.

9.      Carl's Jr. is the owner of numerous trademark registrations for the famous WESTERN BACON CHEESEBURGER®, DOUBLE WESTERN BACON CHEESEBURGER®, and WESTERN BACON SIX DOLLAR BURGER® marks for use in connection with restaurant services and food items, including the following U.S. Trademark Registrations:

| MARK | REG. NO. | GOODS/SERVICES | DATE FILED | REG. DATE |
|------|----------|----------------|------------|-----------|
| WESTERN BACON | 1,456,922 | Restaurant services | 12/15/1983 | 09/08/1987 |

| MARK | REG. NO. | GOODS/SERVICES | DATE FILED | REG. DATE |
|---|---|---|---|---|
| CHEESEBURGER | | | | |
| WESTERN BACON CHEESEBURGER | 1,481,762 | Specially prepared hamburger sandwich comprised of a beef patty with bacon, cheese, fried onion rings, and hickory barbeque sauce for consumption on or off the premises | 12/22/1986 | 03/22/1988 |
| DOUBLE WESTERN BACON CHEESEBURGER | 3,895,073 | Food items, namely, sandwiches for consumption on or off the premises | 09/29/2009 | 12/21/2010 |
| THE WESTERN BACON SIX DOLLAR BURGER | 2,912,799 | Specially prepared sandwiches, namely, restaurant-style hamburgers and cheeseburgers sold at a quick service restaurant outlet at a quick service restaurant price | 06/10/2003 | 12/21/2004 |

10.     Attached hereto as Exhibits 1-4 are true and correct copies of Carl's Jr.'s trademark registrations identified in Paragraph 9 of this Complaint, which are hereby incorporated by reference. Collectively, the registrations and trademarks referenced in Paragraphs 8 and 9 of this Complaint are referred to as the "WESTERN BACON CHEESEBURGER Marks."

11.     Pursuant to 15 U.S.C. § 1065, U.S. Trademark Registration Nos. 1,456,922, 1,481,762, and 2,912,799 are now incontestable.

12.     Carl's Jr.'s WESTERN BACON CHEESEBURGER Marks are the subject of substantial and continuous marketing and promotion by Carl's Jr. in connection with its food items and restaurant services. Carl's Jr. spends approximately $130 million annually advertising

its products, services and brand. Carl's Jr. has and continues to widely market and promote its WESTERN BACON CHEESEBURGER Marks in the industry and to consumers by displaying the WESTERN BACON CHEESEBURGER Marks on menus and point of sale materials inside Carl's Jr.'s restaurants throughout the U.S. and abroad. Carl's Jr.'s promotional efforts also include – by way of example but not limitation – displaying the marks in TV commercials that are viewed by millions of viewers, on coupons that are distributed to consumers and potential consumers, in magazines and other industry publications, and on the CARL'S JR.® website and other Internet websites.

13.     Shown below are true and accurate representative pictures illustrating just a few examples of Carl's Jr.'s point of sale materials bearing the WESTERN BACON CHEESEBURGER Marks.









- 6 -

14.     Carl's Jr.'s WESTERN BACON CHEESEBURGER family of products and services has achieved substantial commercial success. As a result of Carl's Jr.'s substantial use and promotion of its WESTERN BACON CHEESEBURGER Marks, the marks have acquired great value as specific identifiers of Carl's Jr.'s products and services and serve to identify and distinguish Carl's Jr.'s WESTERN BACON CHEESEBURGER products and services from those of others. Customers in this judicial district and elsewhere readily recognize Carl's Jr.'s WESTERN BACON CHEESEBURGER Marks as distinctive designations of the origin of Carl's Jr.'s WESTERN BACON CHEESEBURGER food items and restaurant services. The WESTERN BACON CHEESEBURGER Marks are intellectual property assets of enormous value as symbols of Carl's Jr. and its quality products, reputation and goodwill.

**B.     Apollo Burger's Infringement**

15.     On information and belief, Apollo Burger provides restaurant services and markets, sells and distributes sandwiches, hamburgers and other food items.

16.     On information and belief, Apollo Burger sells sandwiches named WESTERN BACON CHEESEBURGER (the "Accused Products"). Apollo Burger also operates the website http://apolloburgers.com.

17.     Without permission or consent from Carl's Jr., Apollo Burger has sold, and is offering for sale sandwiches using a trademark that is identical and confusingly similar to one or more of Carl's Jr.'s WESTERN BACON CHEESEBURGER Marks.

18.     A true and correct copy of a screenshot of Apollo Burger's website showing Apollo Burger's unlawfully-used mark that is identical and confusingly similar to one or more of Carl's Jr.'s WESTERN BACON CHEESEBURGER Marks is attached hereto as Exhibit 5. True

and correct copies of images of Apollo Burger's menus displayed at one of its restaurants showing Apollo Burger's unlawfully-used mark that is identical and confusingly similar to one or more of Carl's Jr.'s WESTERN BACON CHEESEBURGER Marks are attached hereto as Exhibits 6-7.

19.     Apollo Burger is clearly aware of Carl's Jr. and its valuable trademarks, as evidenced by its display of Carl's Jr.'s WESTERN BACON CHEESEBURGER® mark on its website and menus. Apollo Burger is also aware of Carl's Jr. and its valuable trademarks from three letters sent to Apollo Burger demanding that Apollo Burger cease the infringement. In response, Apollo Burger removed the infringing trademark from its website and promised to do so from its menu, but failed to do so. Despite receiving and acknowledging these letters, Apollo Burger continues to use Carl's Jr.'s WESTERN BACON CHEESEBURGER® mark.

20.     Apollo Burger has attempted to capitalize on Carl's Jr.'s valuable reputation and customer goodwill in its WESTERN BACON CHEESEBURGER family of products and services by using Carl's Jr.'s WESTERN BACON CHEESEBURGER® mark in connection with the Accused Products in a manner that is likely to cause consumers and potential customers to believe that Apollo Burger's Accused Products are associated with Carl's Jr. or Carl's Jr.'s WESTERN BACON CHEESEBURGER family of products and services, when they are not.

21.     Without permission or consent from Carl's Jr., Apollo Burger has infringed Carl's Jr.'s WESTERN BACON CHEESEBURGER Marks in interstate commerce by making, using, promoting, advertising, selling and/or offering to sell the Accused Products using a mark that is identical and confusingly similar to one or more of Carl's Jr.'s WESTERN BACON CHEESEBURGER Marks.

22.     Upon information and belief, Apollo Burger's actions alleged herein are intended to cause confusion, mistake or deception as to the source of the Accused Products, and Apollo Burger's acts complained of herein are willful and deliberate.

23.     Upon information and belief, Apollo Burger's actions alleged herein are intended to cause consumers and potential customers to believe that Apollo Burger's business and the goods that Apollo Burger offers are associated with Carl's Jr. or Carl's Jr.'s WESTERN BACON CHEESEBURGER family of products and services, when they are not.

24.     By virtue of the acts complained of herein, Apollo Burger has created a likelihood of injury to Carl's Jr.'s business reputation and goodwill, caused a likelihood of consumer confusion, mistake and deception as to the source of origin or relationship of Carl's Jr.'s goods and Apollo Burger's Accused Products, and has used the WESTERN BACON CHEESEBURGER Marks without Carl's Jr.'s permission or consent.

25.     Upon information and belief, Apollo Burger's acts complained of herein are willful and deliberate.

26.     Apollo Burger's acts complained of herein have caused damage to Carl's Jr. in an amount to be determined at trial, and such damages will continue to increase unless Apollo Burger is enjoined from its wrongful acts and infringement.

27.     Apollo Burger's acts complained of herein have caused Carl's Jr. to suffer irreparable injury to its business. Carl's Jr. will suffer substantial loss of goodwill and reputation unless and until Apollo Burger is preliminarily and permanently enjoined from the wrongful acts complained of herein.

## FIRST CLAIM FOR RELIEF

**(Trademark Infringement and False Designation of Origin Under 15 U.S.C. § 1125(a))**

28.    Carl's Jr. hereby repeats, realleges, and incorporates by reference paragraphs 1-27 of this Complaint as though fully set forth herein.

29.    This is an action for trademark infringement and false designation of origin arising under 15 U.S.C. § 1125(a).

30.    As a result of the widespread use and promotion of Carl's Jr.'s WESTERN BACON CHEESEBURGER Marks, the WESTERN BACON CHEESEBURGER Marks have acquired secondary meaning to consumers and potential customers, in that consumers and potential customers have come to associate the WESTERN BACON CHEESEBURGER Marks with Carl's Jr.

31.    Apollo Burger has infringed Carl's Jr.'s WESTERN BACON CHEESEBURGER Marks and created a false designation of origin by using in commerce, without Carl's Jr.'s permission, a trademark identical and confusingly similar to Carl's Jr.'s WESTERN BACON CHEESEBURGER Marks in connection with the advertisement, offering for sale and/or sale of Apollo Burger's Accused Products.

32.    Apollo Burger's actions are likely to cause confusion and mistake, or to deceive as to an affiliation, connection, or association of Carl's Jr. with Apollo Burger, and/or as to the origin, sponsorship, or approval of Apollo Burger's goods or commercial activities, in violation of 15 U.S.C. § 1125(a).

33.    Upon information and belief, Apollo Burger did so with the intent to trade upon Carl's Jr.'s reputation and goodwill by causing confusion and mistake among customers and the

public and to deceive the public into believing that Apollo Burger's Accused Products are associated with, sponsored by or approved by Carl's Jr., when they are not.

34.     Upon information and belief Apollo Burger had actual knowledge of Carl's Jr.'s ownership and prior use of the WESTERN BACON CHEESEBURGER Marks, and without the consent of Carl's Jr., willfully violated 15 U.S.C. § 1125(a).

35.     Apollo Burger, by its actions, has damaged Carl's Jr. in an amount to be determined at trial.

36.     Apollo Burger, by its actions, has irreparably injured Carl's Jr. Such irreparable injury will continue unless Apollo Burger is preliminarily and permanently enjoined by this Court from further violation of Carl's Jr.'s rights, for which Carl's Jr. has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF

### (Trademark Infringement Under 15 U.S.C. § 1114)

37.     Carl's Jr. hereby repeats, realleges, and incorporates by reference paragraphs 1-36 of this Complaint as though fully set forth herein.

38.     This is a claim for trademark infringement arising under 15 U.S.C. § 1114.

39.     Carl's Jr. owns valid and enforceable registered trademarks for its WESTERN BACON CHEESEBURGER Marks, including at least the registrations listed in Paragraph 9 above.

40.     Apollo Burger has used in commerce, without permission from Carl's Jr., reproductions, copies, colorable imitations, and/or confusingly similar marks to Carl's Jr.'s marks that are the subject of Carl's Jr.'s U.S. Trademark Registration Nos. 1,456,922, 1,481,762,

3,895,073, and 2,912,799 in connection with the distributing, selling, offering for sale, advertising, and/or promoting of the Accused Products. Such use is likely to cause confusion or mistake, or to deceive.

41.     Upon information and belief, the activities of Apollo Burger complained of herein constitute willful and intentional infringements of Carl's Jr.'s registered marks, and Apollo Burger did so with the intent to trade upon Carl's Jr.'s reputation and goodwill by causing confusion and mistake among customers and the public and to deceive the public into believing that Apollo Burger's Accused Products are associated with, sponsored by, originated from, or are approved by, Carl's Jr., when they are not.

42.     Upon information and belief, Apollo Burger had actual knowledge of Carl's Jr.'s ownership and prior use of Carl's Jr.'s registered marks, and has willfully violated 15 U.S.C. § 1114.

43.     Apollo Burger's aforementioned acts have damaged Carl's Jr. in an amount to be determined at trial.

44.     Apollo Burger's aforementioned acts have irreparably injured Carl's Jr. Such irreparable injury will continue unless Apollo Burger is preliminary and permanently enjoined by this Court from further violation of Carl's Jr.'s rights, for which Carl's Jr. has no adequate remedy at law.

### FIFTH CLAIM FOR RELIEF

### (Utah Common-Law Unfair Competition)

45.     Carl's Jr. hereby repeats, realleges, and incorporates by reference paragraphs 1-44 of this Complaint as though fully set forth herein.

46.     This is a claim for unfair competition arising under Utah common law.

47.     Apollo Burger has and continues to willfully and intentionally pass off the Accused Products as products of Carl's Jr.

48.     Apollo Burger's acts complained of herein constitute trademark infringement and unfair competition under Utah common law.

49.     By virtue of the acts complained of herein, Apollo Burger has willfully and intentionally caused a likelihood of confusion among the purchasing public in this Judicial District and elsewhere, thereby unfairly competing with Carl's Jr. in violation of the common law of the State of Utah.

50.     Apollo Burger's aforementioned acts have damaged Carl's Jr. in an amount to be determined at trial.

51.     Apollo Burger, by its actions, has irreparably injured Carl's Jr. Such irreparable injury will continue unless Apollo Burger is preliminarily and permanently enjoined by this Court from further violation of Carl's Jr.'s rights, for which Carl's Jr. has no adequate remedy at law.

52.     On information and belief, Apollo Burger's actions were done knowingly, willfully, with actual malice, and in bad faith so as to justify the assessment of increased, exemplary, and punitive damages against Apollo Burger, in an amount to be determined at trial.

## SIXTH CLAIM FOR RELIEF

### (Utah Statutory Unfair Competition Under Utah Code Ann. § 13-5a-101 et seq.)

53.     Carl's Jr. hereby repeats, realleges, and incorporates by reference paragraphs 1-52 of this Complaint as though fully set forth herein.

54.     This is a claim for unfair competition, arising under Utah Code Ann. § 13-5a-101, *et seq.* and Utah common law.

55.     Apollo Burger's unlawful and intentional business acts, complained of herein, caused a material diminution in value of Carl's Jr.'s intellectual property and an infringement of Carl's Jr.'s trademarks and therefore constitutes unfair competition with Carl's Jr. under Utah Code Ann. § 13-5a-101, *et seq.*

56.     Apollo Burger, by its actions, has irreparably injured Carl's Jr. Such irreparable injury will continue unless Apollo Burger is preliminarily and permanently enjoined by this Court from further violation of Carl's Jr.'s rights, for which Carl's Jr. has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Carl's Jr.'s prays for judgment against Apollo Burger as follows:

A.     That the Court enter a final judgment in favor of Carl's Jr. and against Apollo Burger on all claims for relief alleged herein;

B.     That the Court enter a final judgment that Apollo Burger has violated the provisions of 15 U.S.C. § 1125(a) by willfully infringing Carl's Jr.'s WESTERN BACON CHEESEBURGER Marks and by using a false designation of origin, false description or false representation through the marketing, sale and promotion of Apollo Burger's Accused Products;

C.     That the Court enter a final judgment that Apollo Burger has willfully violated the provisions of 15 U.S.C. § 1114 by infringing Carl's Jr.'s trademark rights in at least the marks that are the subject of U.S. Trademark Registration Nos. 1,456,922, 1,481,762, 3,895,073, and 2,912,799;

F.      That the Court enter a final judgment that Apollo Burger has unfairly competed with Carl's Jr.in violation of Utah common law;

G.      That the Court enter a final judgment that Apollo Burger has unfairly competed with Carl's Jr. in violation of Utah Code Ann. § 13-5a-101, *et seq.*;

H.      That Apollo Burger, its agents, servants, employees, attorneys, successors, and assigns, and all other persons in active concert or participation with any of them who receive actual notice of the injunction by personal service or otherwise, be forthwith preliminarily and permanently enjoined from:

      i.      using Carl's Jr.'s WESTERN BACON CHEESEBURGER Marks in connection with Apollo Burger's goods or services, using the WESTERN BACON CHEESEBURGER Marks in advertising or promoting Apollo Burger's goods or services and/or using confusingly similar variations of the WESTERN BACON CHEESEBURGER Marks in any manner that is likely to create the impression that Apollo Burger's goods or services originate from Carl's Jr., are endorsed by Carl's Jr. or are connected in any way with Carl's Jr.;

      ii.      manufacturing, distributing, shipping, importing, reproducing, displaying, advertising, marketing, promoting, transferring, selling and/or offering to sell any products or services bearing the WESTERN BACON CHEESEBURGER Marks and/or any confusingly similar marks;

      iv.      otherwise infringing the WESTERN BACON CHEESEBURGER Marks;

      v.      falsely designating the origin of Apollo Burger's goods or services;

      vi.      unfairly competing with Carl's Jr. in any manner whatsoever; and

- 15 -

vii.     causing a likelihood of confusion or injury to Carl's Jr.'s business reputation;

I.     That Apollo Burger be directed to file with this Court and serve on Carl's Jr. within thirty (30) days after the service of the injunction, a report, in writing, under oath, setting forth in detail the manner and form in which it has complied with the injunction pursuant to 15 U.S.C. § 1114;

J.     That Apollo Burger be required to account to Carl's Jr. for any and all profits derived by Apollo Burger and all damages sustained by Carl's Jr. by virtue of Apollo Burger's acts complained of herein;

K.     That Apollo Burger be ordered to pay over to Carl's Jr. all damages which Carl's Jr. has sustained as a consequence of the acts complained of herein, subject to proof at trial, together with prejudgment and post-judgment interest;

L.     That Carl's Jr. be awarded treble damages pursuant to 15 U.S.C. § 1117;

M.     That Carl's Jr. be awarded punitive damages from Apollo Burger pursuant to Utah Code Ann. § 13-5a-103;

N.     That Apollo Burger's actions be deemed willful;

P.     That an award of reasonable costs, expenses, and attorneys' fees be awarded to Carl's Jr. pursuant to at least 15 U.S.C. § 1117 and Utah Code Ann. § 13-5a-103;

Q.     That Apollo Burger be required to deliver and destroy all products, packaging, literature, advertising and other materials bearing the infringing marks pursuant to 15 U.S.C. § 1118;

R.     That Carl's Jr. be awarded restitution and disgorgement; and

S.    That Carl's Jr. be awarded such other and further relief as this Court may deem just.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff respectfully demands a trial by jury of all issues in its Complaint that are so triable.

Dated:  November 15, 2011                    JONES WALDO HOLBROOK & McDONOUGH


By:  /s/ J. Angus Edwards
          J. Angus Edwards

KNOBBE, MARTENS, OLSON & BEAR LLP


By:  /s/ Julianna M. Simon (with permission)
          Steven J. Nataupsky
          Julianna M. Simon

*Attorneys for Plaintiff, Carl's Jr. Restaurants LLC*